# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENO CONTRACTING, INC., <br><br> Plaintiff, <br><br> v. <br><br> CRUM & FORSTER SPECIALTY INSURANCE COMPANY, <br><br> Defendant. | Case No.: 18-CV-0450 W (JLB) <br><br> **ORDER:** <br><br> **(1) GRANTING DEFENDANT'S MOTION TO DISMISS [DOC. 67]; AND** <br><br> **(2) DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AS MOOT [DOC. 68]** |

Pending before the Court are: (1) Defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 41(b); and (2) Defendant's motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. [Docs. 67, 68.] The Court decides the matters on the papers submitted and without oral argument. See Civ. L.R. 7.1(d)(1). For the reasons below, the Court **GRANTS** the motion to dismiss, and **DENIES AS MOOT** the motion for summary judgment.

//
//
//

1

## I. BACKGROUND

Plaintiff Reno Contracting ("Reno") brought this action in the Superior Court of California against Defendant Crum and Forster Specialty Insurance Company ("Crum & Forster") on November 15, 2017, alleging that Crum & Forster had failed to defend and indemnify it in underlying litigation per the terms of an insurance policy. (*Compl.* [Doc. 1-2, Exh. 1].) Defendant removed the action on February 28, 2018. (*Notice of Removal* [Doc. 1].)

Defendant moved for partial summary judgment on November 2, 2018. (*Def.'s Partial MSJ* [Doc. 29].) The Court granted in part and denied in part that motion, holding per Rule 56(g) that "[t]he Reno Contracting Policy provided no insurance coverage for the underlying litigation." (*February 21, 2019 Order* [Doc. 44].)

Thereafter, on March 21, 2019, Plaintiff filed a motion to substitute attorney. (*Reno Contracting Mot. to Substitute* [Doc. 51]; *Coyle/Reno Mot. to Substitute* [Doc. 52].) The motion was granted. (*Apr. 3, 2019 Order* [Doc. 54].) Plaintiff thereafter ceased participating in the case. Specifically, Plaintiff failed to lodge a Mandatory Settlement Conference ("MSC") statement by the due date, failed to respond to a minute order alerting it of that fact, failed to appear at the MSC, and then failed to respond to an Order to Show Cause ("OSC") or to appear at the OSC hearing. (*See OSC* [Doc. 60]; *Minute Entry* [Doc. 62].) Judge Burkhardt imposed monetary sanctions on Plaintiff and its attorney, jointly and severally, in the amount of $2,473.52. (*June 12, 2019 Order* [Doc. 69].) The order imposing those sanctions on Plaintiff and Plaintiff's counsel was returned as undeliverable. [Doc. 70.]

Defendant now moves to dismiss Plaintiff's complaint with prejudice pursuant to Rule 41(b), and for summary judgment. (*Def.'s MTD* [Doc. 67-1]; *Mot. for Summary Judgment* [Doc. 68].) Plaintiff does not oppose either motion. For the reasons that follow, the motion to dismiss will be granted. The motion for summary judgment will be denied as moot.

//

## II. LEGAL STANDARD

### A. Motion to Dismiss Pursuant to Fed. R. Civ. P. 41(b)

Rule 41(b) provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) … operates as an adjudication on the merits.

A Rule 41(b) dismissal "must be supported by a showing of unreasonable delay." Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986). A district court must further weigh: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits[,] and (5) the availability of less drastic sanctions." Omstead v. Dell, Inc., 594 F.3d 1081, 1084 (9th Cir. 2010) (quoting Henderson, 779 F.2d at 1423); In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006). Dismissal is appropriate where at least four factors support dismissal, or where three factors strongly support dismissal. See Frederik v. Bonzelet, 963 F. 2d 1258, 1263 (9th Cir. 1992).

//
//
//
//
//
//
//
//
//
//
//
//

## III. DISCUSSION

### A. Motion to Dismiss Pursuant to Fed. R. Civ. P. 41(b)

As a preliminary matter, Plaintiff has consented to the dismissal of this case by failing to oppose Defendant's motion to dismiss. See Judge Whelan Chambers Rule 3(d); Civ. L.R. 7.1(f)(3)(c). Moreover, the following Rule 41(b) factors counsel in favor of dismissal with prejudice.

Plaintiff has caused unreasonable delay, and the public's interest in expeditious resolution of litigation favors dismissal. See Henderson, 779 F.2d at 1423; Omstead, 594 F.3d at 1084. Reno has continuously violated Court orders and is nonresponsive to opposing counsel's communications. (*See Ward Decl.* [Doc. 67-3].) There is no indication it intends to participate further in this lawsuit.

The Court's need to manage its docket favors dismissal. See Omstead, 594 at 1084. Plaintiff's behavior "strongly suggest[s] that [it] is not interested in seriously prosecuting this case, or at least, does not take [its] obligations to the court and other parties seriously." De La Torre Quiles v. United States, 2015 WL 5882524 at *2. (E.D. Cal. Oct. 5, 2015).

Needlessly extending this case in the absence of a plaintiff prejudices Defendant. The opposing party should not be required to expend time and resources on a case that the plaintiff has ceased to pursue. See, e.g., Omstead, 594 F.3d at 1084; Yourish v. California Amplifier, 191 F.3d 989, 991–92 (9th Cir. 1999).

Public policy favors disposition on the merits. See Omstead, 594 F.3d at 1084. But a full decision on the merits is not possible when a plaintiff has ceased to litigate. And as the Court's February 21, 2019 order held, "[t]he Reno Contracting Policy provided no insurance coverage for the underlying litigation." (*Feb. 21, 2019 Order* [Doc. 54].) This preceded Plaintiff's disappearance from the case. To a limited extent, a decision on the merits has already taken place.

//
//

4

Less drastic alternatives are not available. See Omstead, 594 F.3d at 1084. Monetary sanctions have already been imposed. (*June 12, 2019 Order* [Doc. 69].) The order imposing those sanctions was returned as undeliverable. [Doc. 70.]

In light of the foregoing, dismissal with prejudice is the appropriate remedy. See, e.g., Anderson v. Air West, Inc., 542 F.2d 522, 526 (9th Cir. 1976). Defendant's motion to dismiss for failure to prosecute will be granted. [Doc. 67.]

### B. Motion for Summary Judgment

As Plaintiff's motion to dismiss will be granted, this case is to be dismissed with prejudice. Plaintiff's motion for summary judgment will be denied as moot. [Doc. 68.]

## IV. CONCLUSION & ORDER

Defendant's motion to dismiss is **GRANTED**. [Doc. 67.]

Defendant's motion for summary judgment is **DENIED AS MOOT**. [Doc. 68.]

This action is dismissed with prejudice. The Clerk is directed to close the case.

**IT IS SO ORDERED.**

Dated: July 16, 2019

Hon. Thomas J. Whelan
United States District Judge