# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENO CONTRACTING, INC., <br><br> Plaintiff, <br><br> v. <br><br> CRUM & FORSTER SPECIALTY INSURANCE COMPANY, <br><br> Defendant. | Case No.: 18-CV-0450 W (JLB) <br><br> **ORDER GRANTING DEFENDANT'S MOTION FOR ENTRY OF JUDGMENT UNDER RULE 54(b) [DOC. 79]** |

Pending before the Court is Defendant's Motion for Judgment under Federal Rule of Civil Procedure 54(b). (*Mot.* [Doc. 79].) Plaintiff has failed to respond. The Court decides the matter without oral argument and on the papers submitted pursuant to Civil Local Rule 7.1(d)(1). For the reasons that follow, the Court **GRANTS** Defendant's motion [Doc. 79].

1

## I. BACKGROUND

Since March 2019, Plaintiff has ceased to litigate this case. [Docs. 55, 62.] As a result, the Court granted Defendant's Motion to Dismiss Plaintiff's Complaint for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). [Doc. 73.]

On August 14, 2019, Defendant provided the Court with notice of Plaintiff's Bankruptcy Filing and Automatic Stay. [Doc. 77.] The Court stayed Defendant's Cross-Complaint—regarding a different insurance policy—pending resolution of the bankruptcy petition. [Doc. 78.]

Defendant now requests the Court enter judgment in its favor pursuant Rule 54(b).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 54(b) permits the district court to direct entry of final judgment on individual claims in a multi-claim action "only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). In doing so, the court "must take into account judicial administrative interests as well as the equities involved." Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 8 (1980). Partial final judgment is proper where the claims are separable, and their nature is such that no appellate court will have to decide the same issues more than once. Id.

## III. DISCUSSION

As a preliminary matter, Plaintiff has consented to the dismissal of this case by failing to oppose Defendant's motion to dismiss. See Judge Whelan Chambers Rule 3(d); Civ. L.R. 7.1(f)(3)(c). That being said, the Court must still determine whether there is just reason for delay.

In light of the circumstances, the Court will grant Defendant's request for entry of judgment. The appellate issues relating to Plaintiff's Complaint do not overlap with the issues to be decided on Defendant's Cross-Complaint and the equities strongly favor

entering a partial judgment.  An appeal by Plaintiff would ask whether this Court abused its discretion in dismissing the Complaint for failure to prosecute under Rule 41(b), whereas the Cross-Complaint concerns whether Defendant can recoup what it paid to defend claims that potentially were not covered in the underlying litigation.  Additionally, Defendant's will suffer prejudice in terms of cost and litigation strategy due to delay.  See Curtiss-Wright, 446 U.S. at 10 (explaining that passage of time is a valid equitable consideration in a Rule 54(b) motion).  Therefore, the Court finds no just reason for delay.

## IV. CONCLUSION & ORDER

For these reasons, the Court **GRANTS** Defendant's motion under Rule 54(b) [Doc. 79].

**IT IS SO ORDERED.**

Dated:  November 18, 2019

_____
Hon. Thomas J. Whelan
United States District Judge